1   Ashish Acharjee
2   *Plaintiff, Pro Se*
3   31840 Cypress View Ct
4   Menifee, CA 92584
5   909-658-4782
6   Ashishacharjee1@gmail.com
7
8
9
10



**FILED**
CLERK, U.S. DISTRICT COURT

**01/21/2023**

CENTRAL DISTRICT OF CALIFORNIA
BY:          AP          DEPUTY

11                  **UNITED STATES DISTRICT COURT**

12          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

**ASHISH ACHARJEE**

           Plaintiff,

       v.

**SHERIFF DEPARTMENT OF RIVERSIDE COUNTY** and **DEPUTY SHERIFF REMINGTON (Badge# 4687),** in his individual capacity

**AND**

**OFFICE OF DISTRICT ATTORNEY OF RIVERSIDE COUNTY** and **MICHAEL HESTRIN (CAL BAR#200300),** in his individual capacity

           Defendant.

**Case No.: 5:23-cv-00112-SB(MAR)**

**COMPLAINT**

Violation of Constitutional Rights Under-

-14th amendment, Procedural Due process Clause (Fraudulent Reporting & Tampering of Evidence)

-14th Amendment- Procedural & Substantive Due Process (Malicious Prosecution, Tampering of evidence, Public Records & Obstruction of Justice)

-4th Amendment (Unlawful Seizure and Detainment to Maliciously Obstruct Justice)

-6th Amendment (Right to Public Trial) by getting Plaintiff Extra Judiciously Abducted with aim to get him deported maliciously

-8th Amendment (Protection Against Cruel & Unusual Punishment)- Plaintiff was on verge of being Deported & separated from his minor child, for life, as retaliation for exercising his Constitutional Rights to avail fair Jury Trial

**42 USC 1983**

**DEMAND FOR JURY TRIAL**

14
15       PLAINTIFF, appearing *pro se*, bring this COMPLAINT against Defendants and alleges as follows:

16

**COMPLAINT**, page 1 of 14

1.

## JURISDICTION, PARTIES & VENUE

**JURISDICTION:** This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because:

**Plaintiff**, ASHISH ACHARJEE, is a citizen of the State of California, and at all relevant times herein was resident in Riverside County of California.

**Defendant**, Sheriff Department of Riverside County is a Government Organization operating in the Riverside County of California, and at all times relevant, was a department providing Law Enforcement to County of Riverside.

**Defendant**, Deputy Remington (Badge#4687) is a Law Enforcement officer Employed by the Sheriff Department of Riverside County.

**AND**

**Defendant**, Office of District Attorney of Riverside County is a Government Organization operating in Riverside County of California, and at all times relevant was a department providing Criminal Prosecution services to the Riverside County.

**Defendant**, Michael Hestrin (CAL BAR#200300) is The Elected official, in post of The District Attorney of the County of Riverside, California.

**VENUE:** Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this action occurred within this district and Defendants are subject to personal jurisdiction in this district

2.

## BRIEF BACKGROUND

### A

Plaintiff, Ashish Acharjee and complainant Supriya Sawhney (Hereafter called plaintiff and complainant, respectively) were married in Jun 2003, separated on Jun 15th 2017and their marriage has been dissolved by California family court, vide orders dated **May 6th 2019 in case# SWD1701419.**
Parties share joint legal custody of one minor son, named Aaryan Acharjee, born on Oct 13th 2013.

On Jun 5th 2017 Complainant lodged alleged past Domestic Violence and vandalism complainant against Plaintiff due to which plaintiff was arrested on Jun 5th 2017.
Complainant's both parents also provided supporting statements to deputy
Police report CN171560008 dated 06/05/2017 has complainant's statement, wherein complainant has declined issuance of emergency protective orders to the deputy stating that "Complainant's attorney was already in process of getting one for her".

Plaintiff's statement alleging, Human Trafficking, Peonage, exploitative labor and multiple assault by complainant and her family inside United States is recorded in the Police Report

**COMPLAINT**, page 2 of 14

1   CN171560008 prepared on 06/05/2017.
2
3   Plaintiff was served "No contact and Move out" orders by complainant through private process
4   server on Jun 15th 2017. Plaintiff moved away from his place of residence and primary work,
5   shared with complainant, leaving his minor son with complainant and her family on Jun 15th
6   2017.
7   Thereafter, Plaintiff has no contact with complainant, except for Child custody arrangements as
8   ordered by court in case **SWD1701419**
9
10  From Discovery Plaintiff found that, **On Jun 14th 2017**, Complainant's attorney prepared and
11  signed Application for grant of U visa (Petition to United States Customs & Immigration, for
12  grant of legal resident-ship to complainant) on grounds of domestic violence in same case. This
13  application was forwarded to office of District attorney of Riverside County on **Jul 12th 2017** for
14  certification and issuance of form I-918 supplement B, U Non-immigrant status Certification.
15
16  Subsequently, District Attorney of Riverside County filed complaint against plaintiff under case
17  SWM1702535 for charges of-
18  1. PC 243(E)(1)- Misdemeanor- Battery on person whom defendant is cohabitating with
19  2. PC M594(A)- Misdemeanor- Vandalism
20
21  On Nov 16th 2017, Plaintiff pleaded guilty and was convicted of following charges-
22  1. PC M594(A)- Misdemeanor- Vandalism
23  2. PC M415(2)- Misdemeanor- Malicious Disturb
24  The charge PC 243(E)(1)- Misdemeanor- Battery on Spouse WAS DISMISSED.
25
26  In addition to other sentences, Court issued "Criminal Restraining Orders (CRO)" **dated Nov**
27  **16th 2017**, that exempts and allows peaceful Child custody and exchange provisions as ordered
28  by **family court in case SWD1701419.**
29
30  Plaintiff served and carried out satisfactorily, all the terms of the sentences issued by criminal
31  court in case SWM1702535.
32
33  **In subsequent and later proceedings, since Dec 2019, plaintiff has given multiple sworn statements to**
34  **Supreme Court of California, Superior court of Riverside County, department of Sheriff and Attorney**
35  **General of California that these were malicious charges by complainant against plaintiff, to get immigration**
36  **benefits and deprive plaintiff of child custody rights, as well as cause immigration damages to plaintiff.**
37  **In these sworn statements, plaintiff has also stated that Complainant was illegally and unethically assisted by**
38  **Deputy McCammon, Badge#5974, of Sheriff Department of Riverside County, to frame the plaintiff.**
39
40                                              **B**
41  On Aug 22nd 2019, There were Co-parental disagreement on electronic medium, between
42  plaintiff (present physically in Murrieta) and complainant (Present physically in Canyon Lake).
43  On Aug 22nd 2019, complainant and plaintiff had co-parental communications on 2 Facetime
44  calls and series of  9 written text communications on "Talking Parents" software application,
45  pursuant to orders of Family court in case **SWD1701419 dated May 6th 2019**.
46  The minor child was in custody of plaintiff all this time.
47
48  On Aug 22nd 2019, complainant called up 911 emergency services and complained falsely that
49  plaintiff had "verbally Abused" her on calls and done "Harassing Texts" to her.
50

**COMPLAINT**, page 3 of 14

1   On Aug 22nd 2019, Deputy Remington, Badge#4687 from Sheriff Department of Riverside
2   County, met complainant, recorded her statements and prepared report.
3   As per descriptive (Deputy's body cam footage) and documentary (police report) evidence, the
4   deputy purposefully prepared fraudulent report (PC§ 118.1), concealed material evidence (PC§
5   135) and Tampered with evidence (PC§ 141).
6   The deputy didn't contact or leave any message for plaintiff to contact him back.
7
8   The police report was forwarded to the District Attorney and on **Oct 16th 2019**, District Attorney
9   filed following 2 charges against plaintiff. New case SWM1905084 was filed and case
10   SWM1702535 (for which sentence was carried out in Nov 16th 2017), was reopened-
11
12   1. SWM1905084- Violation of PC§ 273.6(a) - Misdemeanor- intentionally & purposefully
13   violate protective orders as defined in section 6218 of family code and order, pursuant to section
14   527.6 & 527.8 of code of civil procedures
15
16   2. SWM1702535- Violation of Probation pursuant to PC§ 1203.2(b)
17
18   Plaintiff Based on multiple documentary evidence,claims that malicious prosecution along with
19   multiple acts of Prosecutorial misconducts were carried out by district attorney & his supervised
20   Public Prosecutors, wherein-
21
22   1. **On Oct 16th 2019**, Charges were filed against plaintiff, by purposefully and fraudulently
23   altering and tampering with previously issued Court orders, under color of "redaction" law
24
25   2. Public prosecutor, fraudulently backdated Criminal Restraining Orders issued **on Dec 12th**
26   **2019**, with intention to Continue further malicious prosecution of plaintiff. This vague Criminal
27   Restraining orders, containing Non existent Family Court Orders, was signed by the Judge in
28   same hearing
29
30   3. **On March 9th 2020**, Public prosecutor filed "Memorandum of Points to Oppose Defendant's
31   Motion to Dismiss" which contained purposeful and knowing false statements,  to sustain and
32   continue wrongful malicious prosecution of plaintiff
33
34   4. **On Jun 16th 2020**, Plaintiff was Extra Judiciously abducted by Federal Immigration agents,
35   without warrant and without probable cause from inside of his residence. The Federal Agents
36   repeatedly inquired about the "Domestic Violence" charges before Plaintiff in custody and,
37   accused Plaintiff of "Beating up Wife" while in custody at the DHS station in Murrieta.
38   Plaintiff claims that this Extra Judicial Abduction was caused by The District Attorney. Plaintiff's
39   official inquiry (Interrogatory) into this fact, during the prosecution in case SWM1905084, has
40   been "REFUSED TO BE ANSWERED" by office of  District Attorney.
41
42   5. Two of Plaintiff's motions ("Motion to Dismiss PC§ 1381.5 & PC§ 1382", In cases
43   SWM1702535 & SWM1905084, filed **Oct 18th 2022** AND, "Motion to Dismiss PC§ 1381.5" in
44   case SWM1702535),   "Received" by court clerk services **on Nov 21st 2022**, were MISPLACED
45   & NOT FILED. In addition, the ONLINE PUBLIC RECORDS on the superior court website,
46   related to these Motions, have been found by Plaintiff to be TAMPERED in BACKDATE.
47
48   **ON OCT 18th 2022, CASE SWM1905084, WAS DISMISSED PURSUANT TO PC§ 1382.**
49   **On Dec 20th 2022, Plaintiff filed "Motion for Change of Venue PC§ 1033", for 'Violation of**

1    **Probation" hearing in case SWM1702535.**
2    **On JAN 6th 2023, in the hearing for this motion, PEOPLE MOVED TO WITHDRAW**
3    **VIOLATION OF PROBATION HEARING. THE COURT GRANTED PEOPLE'S**
4    **MOTION.**
5
6    In the course of prosecution, Plaintiff's Civil, Constitutional and Human Rights were severely
7    violated; purposefully, Intentionally & Conspiratorially, over a period of MORE THAN 4
8    YEARS.
9    plaintiff, his family and his minor child suffered massive financial, social & immigration losses
10   and life changing emotional trauma & sufferings
11
12   Plaintiff pleads that such Violation of Civil and constitutional rights are most evil as they target
13   the the helpless people in society and are done systematically over long duration of time, with
14   full knowledge and purpose, ignoring all ethics and codes of law.
15   These violations are more severe & sinister than "use of unproportional force".
16   Such violations are highest degree of crime in abuse of Power and authority, committed with full
17   awareness and planning that amounts to "Conspiracy", against helpless residents of society who
18   have no voice or resources to fight such STATE SPONSORED PERSECUTION.
19   Purposeful violation of Codes and law are not protected by Qualified or Prosecutorial Immunity.
20
21                                        **3.**
22                           **FIRST CAUSE OF ACTION**
23
24   **VIOLATION OF 14th AMENDMENT RIGHTS OF PROCEDURAL & SUBSTANTIVE**
25   **DUE PROCESS** DUE TO FRADULENT REPORT PREPARATION & ISSUANCE,
26   CONCEALING MATERIAL EVIDENCE AND TAMPERING WITH EVIDENCE BY
27                           DEPUTY SHERIFF
28                           (42 U.S.C. § 1983)
29
30   **On Aug 22nd 2019, about 1400 Hrs**, Complainant; Supriya Sawhney and Plaintiff; Ashish Acharjee had
31   co-parent communications on 2 Facetime Calls (1st call from Plaintiff to Complainant and 2nd call from
32   Complainant to Plaintiff) and a series of 9 written Communications on "Talking Parents" (pursuant to
33   **family court orders for case# SWD 1701419 dated May 6th 2019: recognized by CRO** dated **Nov 16th**
34   **2017 for case SWM 1702535)**, while their minor son was with Plaintiff.
35
36   **On Aug 22nd 2019,** immediately after this co-parental disagreements,  complainant called up 911 and
37   complained fraudulently that Plaintiff had "verbally abused" her on Face-time calls and done "Harassing
38   Text messages to her".
39   Complainant stated in this 911 call that Plaintiff **regularly calls and harasses the complainant**.
40
41   **On same day Aug 22nd 2019, about 1509 hrs**, Deputy Remington, Badge# 4687, from Riverside
42   County Sheriff department visited the complainant at Motel at 31820 Railroad Canyon Road, Canyon
43   Lake and prepared **Police report CN192340006 Dated Aug 22nd 2019**.
44   During this visit the deputy falsely documented in his police report that Plaintiff had "Verbally Abused"
45   complainant, **without any evidence or witness and, Issued Fraudulent Police Report and Tampered**
46   **with Material Evidence.**
47
48   **T**he deputy was handed copy by complainant and he inspected family court orders **dated May 6th 2019**
49   **for case SWD1701419, but Purposefully & Willingly** documented in police report that the telephonic
50   Co-parental communications were illegal and violation of Criminal Restraining Orders.
51   Deputy did not contact or leave any message for Plaintiff to contact this deputy.

Plaintiff was not aware of this police complainant filed against him till **Nov 23rd 2019**.

**(Plaintiff was subsequently handed over Deputy Remington's body camera recording as part of discovery by state Prosecutor during prosecution).**

Plaintiff while viewing Body Cam footage of Deputy Remington, discovered **the Material fraudulent acts by Deputy Remington,** among other inconsistencies. The main acts of violations by Deputy Remington, visible in Deputy's Body cam video footage are-

**1. At 0:03:02** the Criminal restraining Orders dated **Nov 16th 2017 for case SWM 1702535** are visible in hands of the Deputy Sheriff. This CRO specifies in point 16 a, that **family court orders for case SWD 1701419 are exempted**

**At 0:05:24 and 0:06:00 minutes, EXISTING family court orders for case SWD1701419 dated May 6th 2019** are visible in hands of deputy.
However in both copies of the same police report **CN192340006 dated Aug 22nd 2019,** handed to Plaintiff by state prosecutor for Discovery, these court orders are **missing** and **replaced** with 1st page of **expired** family court orders **dated May 29th 2018 for case SWD 1701419.**
**As per these EXPIRED FAMILY COURT ORDERS, the Co-parental Facetime call by Plaintiff to Complainant is a Violation of Criminal Restraining Orders.**

**2. At 0:13:55 and 0:14:06 minutes** of the video, Deputy Remington makes statements clearly mentioning that family court orders **do not** order co-parent communications through Talking Parents app specifically, However In **police report CN192340006,** page 2, line 23, 24 & 25, Deputy Remington **falsely writes** that CRO requires Plaintiff to communicate through Talking Parents app ONLY.

**3. At 0:13:33 minutes** complainant makes statement implying that she usually records Parental telephonic calls of Plaintiff. Deputy Remington ignores this statement and the fact that complainant has no records of the 2 Facetime co-parent calls wherein complainant is fraudulently claiming false violations and abuse.

**4. At 0:13:47 minutes** Deputy Remington questions complainant, "If Plaintiff ever calls complainant" and **at 0:13:49 minutes** complainant states that "Plaintiff never calls or communicates with her". This statement is inconsistent with all previous claims made by complainant in her 911 call recording and previous statements to Deputy in this meeting. This exculpatory statement is ignored by Deputy Remington.

Plaintiff has Declared same, in multiple Motions & Writ, to Supreme Court of California, Appellate Court and Superior Court of Riverside County.

**4.**
## **SECOND CAUSE OF ACTION**

## **VIOLATION OF 14th AMENDMENT RIGHTS OF PROCEDURAL & SUBSTANTIVE DUE PROCESS** DUE TO FILING FALSE CHARGES KNOWINGLY BY FRAUDULENTLY TAMPERING PREVIOUS CRIMINAL RESTRAINING ORDERS, BY OFFICE OF DISTRICT ATTORNEY
(42 U.S.C. § 1983)

**On Oct 16th 2019,** District Attorney filed following 2 charges against Plaintiff for same act: New case **SWM 1905084** was filed and **previous case SWM 1702535, for which,** sentence was carried out in Nov 16th 2017, was reopened-

**COMPLAINT**, page 6 of 14

1. **Violation of Penal Code 273.6 (a)-** Misdemeanor- Intentionally and Purposefully violate protective Orders as defined in section 6218 of Family Code and Order Pursuant to sections 527.6 and 527.8 of code of civil procedures- **Case SWM1905084**

2. **Violation of Probation** pursuant to Penal Code 1203.2 (b), and reopened case **SWM1702535** which was decided in Nov 2017 and sentence carried out.

During the course of proceedings, Plaintiff TWICE requested and received discovery, **16 pages Police Report CN192340006** with supporting documents from **state prosecutor**. The 2nd time, copy of police report was emailed to Plaintiff on **April 3rd 2020.**
Plaintiff compared both copies of same Police report and discovered material inconsistency & **tampering** in the CRO for case **SWM1702535 dated Nov 16th 2017.**
**In the first copy of CRO** given to Plaintiff , exempted family court orders for **case SWD1701419 were omitted in point 16 a,** however in the **second copy of documents forwarded in email by state prosecutor Kelsey Wilson,** the exempted family court orders for case **SWD1701419,** were visible.
**Omitting exempted family court orders in CRO has drastic effect of making all telephonic co-parental communications by Plaintiff out-rightly a violation.**

**On April 3rd 2020**, Plaintiff communicated about this issue to state prosecutor by email and inquired if the previous **tampered copy** of CRO dated Nov 16th 2017 was filed as evidence to support charges against defendant.
**State prosecutor's reply claimed this as "erroneous redaction" & refused further inquiry. Plaintiff Claims this Email from State Prosecutor As EXCULPATORY EVIDENCE that State Prosecutor has Knowingly Filed charges against Plaintiff on basis of fraudulently altered CRO.**
During telephone and email communications between Plaintiff and Prosecutor **Kelsey Wilson (CAL BAR326505)**, Prosecutor, on more than one occasion coerced Plaintiff to not mark copies of such emails to other public email addresses of the District Attorney's office.

## 5.
## THIRD CAUSE OF ACTION

## VIOLATION OF 14th AMENDMENT RIGHTS OF PROCEDURAL & SUBSTANTIVE DUE PROCESS DUE TO KNOWINGLY PREPARING AND GETTING ISSUED COURT ORDERS WITH BACKDATED FAMILY COURT ORDERS TO SUSTAIN & CONTINUE MALICIOUS PROSECUTION, BY PUBLIC PROSECUTOR
(42 U.S.C. § 1983)

**On Dec 12th 2019**, at end of Arraignment hearing, Public Prosecutor, prepared Criminal Restraining Order against Plaintiff in case **SWM1905084**, wherein  point 16(a) of the CRO, the exempted family court orders under case **SWD1701419** were back dated to 11/16/2017 to support & continue further prosecution.
This Criminal restraining Order was signed into orders by honorable Judge.

**Purposeful backdating of CRO with a "non existent" family court order dated 11/16/2017, in face of existing family court orders dated May 6th 2019 in case SWD1701419** is Violation of constitutional rights under 14th amendment- substantive due process clause and makes the CRO Void for vagueness, as such court order does not exist. Effective orders dated **May 6th 2019** in family case **SWD1701419,** are drastically different in co-parent rights granted to plaintiff, including joint legal custody and rights to discuss and communicate matters regarding child's well being.

6.
## FOURTH CAUSE OF ACTION

## VIOLATION OF 14th AMENDMENT RIGHTS OF PROCEDURAL & SUBSTANTIVE DUE PROCESS- DUE TO ACT OF PROSECUTORIAL MISCONDUCT BY PUBLIC PROSECUTOR: KNOWINGLY DECLARE FALSE STATEMENT IN MEMORANDUM, TO CAUSE PLAINTIFF'S MOTION TO DISMISS CHARGES, TO BE DECLINED
(42 U.S.C. § 1983)

**On Jan 27th 2020**, based on partial discovery handed by State Prosecutor, Plaintiff filed **"Motion to Dismiss Criminal Charges"** with detailed documentary & descriptive evidence.

**On March 9th 2020,** Prosecutor filed "Memorandum of Points to oppose Defendant's Motion to Dismiss". This Memorandum is filed after reasonable amount of time to ascertain prima facie facts and evidence in Motion. This memorandum by state prosecutor contains-

**1. Purposeful false Declaration** made with malice towards Plaintiff, declaring that **only** written Talking Parents communication is permissible medium of co-parent communications, in-spite of having access to family court orders **SWD1701419 dated May 6th 2019**

2. **Statement claimed as fact without evidence** that Plaintiff verbally abused complainant.

3. **Misleading reason** for not dismissing charges, that Plaintiff invoked PC§ 1385 "on grounds of excessive credits accured" (Pg 2 line 27 & 28 of People's Memorandum), a reason not pleaded by Plaintiff.

4. A prejudicial reason against Plaintiff's gender, stating female gender of complainant as reason to not dismiss Criminal charges, which also violates Plaintiff's 14th amendment rights to Equal protection Clause- wherein gender of the victim is NOT a protected status in proceedings.

7.
## FIFTH CAUSE OF ACTION

## VIOLATIONS OF: 4th AMENDMENT RIGHT OF PROTECTION AGAINST UNLAWFUL SEIZURE & DETAINMENT, 6th AMENDMENT RIGHT TO FAIR JURY TRIAL AND 8th AMENDMENT RIGHT OF PROTECTION AGAINST CRUEL AND UNUSUAL PUNISHMENTS- DUE TO ACT OF DISTRICT ATTORNEY TO CAUSE EXTRA JUDICIAL SEIZURE OF PLAINTIFF THROUGH FEDERAL IMMIGRATION AGENTS
(42 U.S.C. § 1983)

**On June 16th 2020, hearing** in the Superiors Court, Plaintiff refused to plead guilty and exercised rights for jury trial.

**On June 16th 2020, same evening, Plaintiff was extra judiciously apprehended by DHS / ICE agents form his Rental accommodation in a warrant-less arrest without probable cause,** wherein federal agents came with premeditated plans to Plaintiff's rental residence and asked him to step outside on porch of house.
Agents repeatedly inquired Plaintiff about Domestic Violence incidents and arrested Plaintiff.
Plaintiff, more than once, was verbally accused by DHS agent, of "beating up wife", while detained in

1   DHS station at Murrieta
2   Plaintiff was placed in Federal custody **on Jun 16th 2020** and finally transported to ICE processing center
3   at Louisiana and placed in removal proceedings from United States.
4   **Plaintiff lost all contacts with his minor child and was in genuine danger of being separated from**
5   **his minor child, for ever in this life.**
6
7   Plaintiff was in federal custody from **Jun 16th 2020 till Sept 01st 2020** and transported to 4 separate ICE
8   detention centers in 3 States (California, Arizona & Louisiana)  during COVID-19 pandemic.
9   **On Sept 1st 2020,** Plaintiff was released from ICE custody pursuant to Bond Hearing and on purchasing
10  Immigration Bond from private company at extremely high cost compared to Plaintiff's financial
11  situation.
12  While Plaintiff was in federal custody, his immigration Attorney Mr. Vinod Doddamani, found majority of
13  plaintiff's belongings, Notary Public Seal, Automotive tools of trade, computer etc stolen from previous
14  rental place. Plaintiff and Attorney Vinod Doddamani, lodged police complaint **on July 29th 2020** with
15  Murrieta Police and It was registered as "Grand Theft" report (Case#MR20-337, CAD Event#20-211-
16  092).
17
18  **On Sept 16th 2022**, Plaintiff served "Subpoena Duces Tecum" to District Attorney, to appear Personally
19  in Jury Trial for Case SWM1905084 and Produce official **[SIC]** "Records & Documents related to
20  initiation of Arrest Proceedings by Office of DA Riverside, of Ashish Acharjee, on Jun 16th 2020 by
21  Federal Agents".
22  **On Sept 22nd 2022,** Office of District Attorney filed "Motion to Quash Subpoena Duces Tecum".
23  **On Oct 6th 2022,** The Superior Court granted People's Motion and Quashed the SDT served to District
24  Attorney.
25
26  **On Oct 11th 2022**, Plaintiff mailed "Request for Discovery as Interrogatory" and "Request for Public
27  records", to office of District Attorney of Riverside County. The "Interrogatory" contained questions
28  requiring the Distict Attorney to provide reply under oath, if District Attorney or his Subordinate or office
29  was responsible for initiating, the Extra Judicial Arrest of Plaintiff, by Immigration Agents.
30
31  **On Oct 19th 2022**, Plaintiff received email from "The Civil Litigation Team" of "Office of District
32  Attorney". This email contained attached letter that refused to provide reply to Plaintiff's "Interrogatory"
33  based on grounds that **[SIC]**-
34  "….Further, your "Request for Discovery as Interrogatory" letter requests discovery pursuant to Penal
35  Code section 1054, *et seq.* Since your criminal case number SWM1905084 has been dismissed, there is
36  no pending criminal case that warrants discovery under Penal Code section 1054, *et seq.*"
37
38  Circumstantial evidence strongly indicate that the extra judicial arrest of Plaintiff was, highly likely,
39  initiated by purposeful actions of District Attorney Michael E Hestrin, CAL BAR# 200300, with
40  intentions to maliciously cause obstruction of Justice and cause extreme inhumane suffering to Plaintiff
41  and his minor child as malicious retaliation for availing Constitutional Rights of Jury Trial.
42
43                                    **8.**
44                          **SIXTH CAUSE OF ACTION**
45
46  **VIOLATIONS OF 14th AMENDMENT RIGHTS OF PROCEDURAL DUE PROCESS-**
47  DUE TO FACT THAT IMPORTANT MOTIONS FILED BY PLAINTIFF WERE SUPRESSED
48  AND ONLINE PUBLIC RECORDS FOR SAME WERE TAMPERED
49                          (42 U.S.C. § 1983)
50
51  **On Oct 18th 2022,** Plaintiff submitted with court clerk, "Motion to Dismiss: PC § 1381.5 & PC § 1382",
52  jointly for Cases SWM1905084 & SWM1702535.
53  This motion was incompletely reflected as [SIC] "MOTION TO DISMISS RE:1382 PC" on case report

**COMPLAINT**, page 9 of 14

1  SWM1702535 (Case report downloaded from court's public website on 10/20/2022).
2  Plaintiff wrote "Notice of Error" to the court. Ex Parte Hearing, in absence of Plaintiff, was held only for
3  **case SWM1905084** in court by Judge Stephen Gallon **on Oct 28th 2022.**
4  THIS INCOMPLETE PUBLIC RECORD ENTRY OF THE MOTION IS DELETED FROM CASE
5  REPORT DOWNLOADED ON 11/23/2022. This is an act of illegal tampering of public records.
6  **On Nov 17th 2022,** In hearing, Commissioner Laura C Garcia, stated that "MOTION TO DISMISS:PC §
7  1381.5 & PC § 1382" was not filed in court and not accessible to the Judge.
8  Judge instructed Plaintiff to re-file the motion.
9  Plaintiff's inquiry with Court Supervisor Clerk Scott Buchanan, resulted in being informed that Motion
10  documents were not traceable. Supervisor Clerk advised Defendant to re-file the Motion with him.
11
12  Plaintiff filed New Motion by post, "Motion to Dismiss PC§1381.5" for case SWM1702535. The online
13  Case report in the court's website reflects the receipt of "Proof of Service" for this re filed Motion on
14  Date 11/21/2022.
15  **On Dec 2nd 2022,** hearing in Court of Commissioner Laura C Garcia, judge stated that the **"Motion to**
16  **Dismiss PC§1381.5"** was **ALSO not Filed** in the court and the judge did not have access to any of the
17  Motions.
18  on being inquired, judge stated that it was **not** the fault of plaintiff.
19
20
21                                    **9.**

22  Plaintiff has endured and suffered inhumanely, since 2017 and Specifically since Nov 2019-

23  1. Fraudulent reporting, Suppression of evidence and Tampering of evidence by Deputy Remington of
24  Riverside Sheriff Department
25
26  2. Malicious Prosecution and Prosecutorial Misconduct to include Tampering of documents and court
27  orders to file charges and support further prosecution
28
29  3. Extra Judicial abduction by Federal Agents, Highly Likely, Caused by purposeful actions of District
30  Attorney, to cause Malicious Denial of Justice to Defendant
31
32  4. Illegal suppression of legal Motions and Tampering of Public Records
33
34  5. Malicious Prosecution, prosecution without any Legal Foundation or Evidence / Witness
35
36  6. Repeated Financial, Social losses and Infliction of Mental Torment
37
38  7. Loss of Employment and Employment opportunities
39
40  8. Wrongful imprisonments
41
42  9. REPEATED Violation of MULTIPLE Constitutional, Civil & Human Rights
43
44  10. Genuine harm to his life, Safety, Liberty and Immigration Rights
45
46  11. **Above All, Separation from his minor child, FOR THEIR LIFE and endangerment of his minor**
47  **child's well being and future**
48
49                                    **10.**

50  Upon Information and belief, actions of Defendants, Deputy Remington (Badge#4687) and Michael

**COMPLAINT**, page 10 of 14

1  Hestrin (CAL BAR#200300) were carried out based of training and Standard Operating Procedures of
2  their respective Departments.
3  Further, Plaintiff has repeatedly submitted written pleadings, Motions and Complaints, along with
4  supporting evidence to both the defendant's respective Departments and Superiors.
5  Plaintiff has received written confirmation from the California Attorney General's office that the actions
6  are in accordance with department's Policies.
7
8  In addition Plaintiff has submitted following documents with supporting evidence to the below mentioned
9  Institutions-
10
11  1. On Jan 27th 2020, Motion to Dismiss Criminal Charges- With Superior Court
12  2. On July 9th 2020 (From ICE Detention, Louisiana)- letter of Pleadings to Superior Court
13  3. On July 29th 2020 (From ICE Detention, Louisiana)- Motion for Continuance in Superior Court
14  4. On Oct 28th 2020, Motion to Compel in Superior Court & CA Attorney General's Office
15  5. On April 15th 2021, Complaint and Application Under Evidence Code 1043, to Riverside Sheriff with
16  copy to Superior Court, CA Attorney General, District Attorney
17  6. On February 3rd 2022, Request for Public record regarding Deputy Remington (badge#4687) and
18  Deputy Thomas McCammon (Badge#5974) to Riverside Sheriff Department with copy to CA Attorney
19  General's office.
20  7. On April 11th 2022, Petition for Writ of Mandate in Supreme Court of California (Case# S274008)
21  8. On July 7th 2022, Petition for Review, for "Summary Denial" Orders of Appellate Court, in Supreme
22  Court of California (Case# S275416)
23
24  //
25
26  //
27
28  //
29
30  //
31
32  //
33
34  //
35
36  //
37
38  //
39
40  //
41
42  //
43
44  //
45
46  //
47
48  //
49
50  //
51

**COMPLAINT**, page 11 of 14

## 11.
## CLAIMS FOR RELIEF

Procedural Due Process Clause (Fraudulent Report issue, Suppression of Material evidence, Tampering of Evidence and Public Records)-14th Amendment to US Constitution; 42 USC 1983

Procedural Due Process Clause (Malicious Prosecution and Prosecutorial Misconducts)-14th Amendment to US Constitution; 42 USC 1983

Substantive Due Process Clause (Malicious Prosecution and Prosecutorial Misconducts)-14th Amendment to US Constitution; 42 USC 1983

Procedural Due Process Clause (Obstruction of Justice)-14th Amendment to US Constitution; 42 USC 1983

Unlawful Seizure & Detainment-4th Amendment to US Constitution; 42 USC 1983

Denial of Jury Trial-6th Amendment to US Constitution; 42 USC 1983

Cruel and Unusual Punishment attempted and Caused-8th Amendment to US Constitution; 42 USC 1983

## 12.

Plaintiff re-alleges and incorporate Paragraphs 1-11 as if fully set forth here.

## 13.

As a direct result of Defendants' actions, Plaintiff has sustained Economic and Loss of Financial Potential and Opportunities Damages in the equivalent amount of **$ 200,000** and non-economic damages due to 5 years of continuous Pain Suffering, Humiliation, Mental and Emotional Torments, Endangerment to his minor child's well being and future, loss of Opportunities, loss of Immigration Status, Efforts of plaintiff to represent himself for all legal procedures and endangerment to life due to imprisonment during COVID-19 pandemic, in the amount of **$4,800,000**

//

//

//

//

//

//

**COMPLAINT**, page 12 of 14

14.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Plaintiffs for **$5,000,000**, representing

**$200,000** in economic damages and **$4,800,000** in non-economic damages

-A money award for Plaintiff's costs and disbursements associated with bringing this

action.

-Any and all other relief the Court deems just and reasonable under the circumstances.


Dated:  Jan 19th 2023



Respectfully Submitted,



By: 
Ashish Acharjee
*Plaintiff, Pro Se*
31840 Cypress View Ct
Menifee, CA 92584
909-658-4782
ashishacharjee1@gmail.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury.

Dated: Jan 19th 2023

Respectfully Submitted,

By: _____
Ashish Acharjee
*Plaintiff, Pro Se*
31840 Cypress View Ct
Menifee, CA 92584
909-658-4782
ashishacharjee1@gmail.com

**COMPLAINT**, page 14 of 14